[Crim. No. 2253. In Bank.—May 19, 1919.]

## In the Matter of the Petition of ANDREW MORCK for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—EXCESS SENTENCE—HABEAS CORPUS.—A sentence of twenty-five years for an offense, the maximum penalty of which is fourteen years, is not void *in toto*, but is a valid sentence for the term authorized by law, and where the prisoner has not served the time for which he may be lawfully imprisoned, a writ of *habeas corpus* will not be granted.

[2] ID.—EXCESS OF SENTENCE—CONSIDERATION BY COURT—TIME.—It is the established practice of the supreme court not to consider any question of excess of sentence until the expiration of the time for which the prisoner may be lawfully confined.

APPLICATION for a Writ of Habeas Corpus originally made to the Supreme Court. Denied.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Petitioner.

THE COURT.—In view of the decisions of this court we see no merit in any of the claims made in support of the petition for a writ of *habeas corpus*, with the possible exception of the claim that under the circumstances and in view of the provisions of section 220 of the Penal Code, the maximum penalty in petitioner's case was fourteen years. As to this it is sufficient to say that while the sentence imposed was one of twenty-five years such judgment is not void *in toto*. It is a valid sentence for the term authorized by the law. The judgment was pronounced December 13, 1916. [1] Obviously, therefore, the petitioner has not served the time for which he may be lawfully imprisoned. [2] It is the established practice of this court not to consider any question of excess of sentence until the expiration of the time for which the prisoner may be lawfully confined. It is clear, therefore, that a writ should not be granted at this time. In what we have said we are not to be understood as definitely determining that the judgment in this case was not one authorized by law.

The application for a writ of *habeas corpus* is denied.

All concur except Lawlor, J., absent.