[Crim. No. 1207.  Second Appellate District, Division One.—January 28, 1925.]

In the Matter of the Application of HARRY J. DUNLAP for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—ROBBERY—EXCESSIVE SENTENCE.—Assuming that the punishment to be imposed on a defendant convicted of robbery is limited by the law in force at the time when the offense is committed and that, therefore, a sentence which provides a greater minimum is not authorized, such sentence is not void *in toto*.

[2] ID.—EXCESSIVE MINIMUM SENTENCE — HABEAS CORPUS.—Conceding that the law applicable to defendant's case prescribed a minimum sentence of one year, whereas the sentence imposed upon him was for a minimum of five years, the appellate court will not consider his application for release on *habeas corpus* until after he has served the time for which he might lawfully be imprisoned.

(1) 16 C. J., p. 1312, n. 86.   (2) 29 C. J., p. 59, n. 9.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from custody on the ground of illegal sentence.  Denied.

The facts are stated in the opinion of the court.

Milton M. Golden for Petitioner.

CONREY, P. J.—In this proceeding the petition for a writ of *habeas corpus* shows that the applicant was convicted on five counts of robbery, out of a larger number stated in an indictment, and that all of said offenses were charged as having been committed prior to August 18, 1923.  On each of three of these charges Dunlap was sentenced to prison for terms of "one year to life," and on each of the other two the

1.  Validity of sentence differing from that allowed by law, note, 55 Am. St. Rep. 264.  See, also, 8 R. C. L. 238; 8 Cal. Jur. 466.

2.  Excessive sentence as entitling prisoners to discharge on *habeas corpus* or appeal, notes, 7 Ann. Cas. 146; Ann. Cas. 1916D, 368.

sentence was for "five years to life." These sentences were imposed on the twenty-ninth day of August, 1924.

The applicant claims that his imprisonment under said sentences is illegal in this, that said sentences for a minimum term of five years were not authorized by the law in force at the time when the offenses were committed.

Prior to August 18, 1923, section 213 of the Penal Code read as follows: "Robbery is punishable by imprisonment in the state prison not less than one year." By amendment effective August 18, 1923, that section was made to provide that robbery in the first degree is punishable for not less than five years, and robbery in the second degree for not less than one year.

[1] Assuming that, as petitioner contends, the punishment to be imposed on defendant is limited by the law in force at the time when the offenses were committed, and that therefore the sentences which provided a minimum of five years were not authorized, it is sufficient to say that they are not void *in toto*. [2] The judgment having been pronounced less than one year prior to this time, it is clear that the petitioner has not served the time for which he may be lawfully imprisoned. "It is the established practice of this court not to consider any question of excess of sentence until the expiration of the time for which the prisoner may be lawfully confined. It is clear, therefore, that a writ should not be granted at this time." (*In re Morck*, 180 Cal. 384 [181 Pac. 657].)

The application for a writ of *habeas corpus* is denied.

Houser, J., and Curtis, J., concurred.