[Crim. No. 1273.   Third Appellate District.—July 10, 1933.]

In re Application of CONRAD MILLER for a Writ of Habeas Corpus.

Conrad Miller, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

.PLUMMER, J.—The record in this case shows that the above-named petitioner was, in the Superior Court of the County of San Joaquin, on the twenty-first day of October, 1929, convicted of burglary, upon an information charging him with three counts. Each count charged the defendant with the crime of burglary in the second degree. The information also charged the defendant with having suffered two prior convictions for offenses, one committed in the county of Los Angeles and the other in the county of Kern. Following the conviction, as above stated, the defendant was adjudged to be an habitual criminal, and sentenced to the state prison for such term as should thereafter be fixed by law. Thereafter, and on or about the twenty-seventh day of August, 1932, the state board of prison terms and paroles fixed the sentence of the petitioner for life.

The record further shows that at the time the petitioner was arraigned and pleaded to the offenses charged in the information, the plea as to the prior convictions was entered by the attorney for the petitioner as to both charges.

Basing his petition upon the provisions of section 1018 of the Penal Code, it is urged that the judgment against the petitioner is void, as said section provides that a plea of guilty can only be entered by the defendant himself.

So far as the record shows by the return of the warden of the state prison at Folsom, it does not appear that the defendant was charged with having served a term in a state prison following either one of the prior convictions alleged in the information. This, of course, is necessary in order to support the rule of the court adjudging the defendant to be

an habitual criminal under the provisions of section 644 of the Penal Code. This section is in its provisions similar to the provisions of sections 666, 667 and 668, which required not only conviction, but the serving of a term of imprisonment following the conviction.

The Supreme Court, in the case of *People* v. *Dawson*, 210 Cal. 366 [292 Pac. 267], has definitely held that the information must charge the serving of the prior terms, and this must be followed by proof of the service, and that a plea of guilty only goes to the extent of the charge in the information, and if the information does not charge the serving of sentences, the plea of guilty does not supply the deficiency, as it is only a plea of guilty of the charge contained in the information.

We do not need to enter into a discussion of whether the plea in this case conformed to the provisions of section 1018 of the Penal Code, by reason of the fact that the plea would not be any more extensive or inclusive, whether entered by the defendant or by his attorney, as in neither case would it exceed the terms of the information.

It does not follow, however, from what we have said, that the writ should be granted.

Subdivision 2 of section 461 of the Penal Code provides that burglary in the second degree may be punished by imprisonment for a term not less than one year, nor more than fifteen years. As the judgment in this case was dated October 23, 1929, it is evident that the petitioner has not yet served the term for which he could be legally confined. Prior to the expiration of such date, the petitioner is not entitled to a writ directing his discharge.

The Supreme Court, in the case of *In re Morck*, 180 Cal. 384 [181 Pac. 657], held as follows: "It is the established practice of the Supreme Court not to consider any question of excessive sentence until the expiration of the time for which the prisoner may be lawfully confined." Following this rule the petitioner cannot complain of any excess of his sentence until the expiration of the time when the board of prison terms and paroles may provide for his confinement.

The writ is denied.

Pullen, P. J., concurred.