[Crim. No. 2099. First Appellate District, Division One.—February 27, 1940.]

## THE PEOPLE, Respondent, v. JOHN FRANCIS McVICKER, Appellant.

John Francis McVicker, *in pro. per.,* for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

GOODELL, J., *pro tem.*—This is an appeal from an order denying a motion to vacate or modify a judgment of conviction—from which no appeal had been taken—which adjudged, *inter alia,* that appellant was an habitual criminal.

On January 6, 1938, an information was filed in the Superior Court of Marin County charging the appellant in the first count with the sale of morphine, in violation of section 1 of the act entitled: "An act to regulate the sale, possession, distribution and use of habit forming, narcotic and other dangerous drugs and substances, and providing penalties for the violation thereof." (Stats. 1929, p. 380.) The second count charged appellant with having opened and maintained a place in which narcotic drugs were sold, in violation of section 3 of the same act. The third count charged him with possession of morphine, in violation of said section 1.

In each count three prior convictions were alleged, the first, for grand larceny committed in Utah in 1924, the second, for burglary committed in Nevada in 1925, and the third, for a violation of section 218 of the Criminal Code of the United States (counterfeiting money orders) tried in a federal court in 1928, with the necessary allegations in each case that the appellant had served a term of imprisonment.

When arraigned appellant was represented by counsel, who waived the reading of the information. Later the appellant, through the same counsel, pleaded guilty to the prior convictions and not guilty to each of the three primary accusations, and waived a jury trial. The judge was careful to inquire of the appellant whether he had heard the statement made by his counsel as to the pleas, and he replied that he had, and acknowledged that it was correct. Thereafter, when the case was called for trial, the appellant, through the same counsel, withdrew his plea of not guilty to the accusation of the third count, of possession of morphine, and entered a plea of guilty thereto. Again the judge

was careful to inquire of the appellant whether he had heard what his counsel had said, and he replied that he had.

The trial, at which the appellant was represented by the same counsel, resulted in judgments of conviction of the crimes charged in counts one and two. Upon his arraignment for sentence, when asked whether he had any legal cause to show why judgment should not be pronounced against him, appellant replied in the negative. The judgment and commitment contains the following recital: "and said defendant's motion to be adjudged, by the Court, not an habitual criminal, having been denied, defendant having been convicted in this court of the crime of felony—three counts—and having been previously three times convicted, upon charges separately brought and tried, and having served separate terms therefor in state and/or federal penitentiaries for crimes enumerated in Section 644 of the Penal Code of the State of California;" followed by an adjudication that appellant was an habitual criminal and that he be imprisoned in the state prison at San Quentin "for the term prescribed by law, separately, on each of said Counts of said Information . . . ".

There was no motion in arrest of judgment, no motion for a new trial and no appeal, so far as this record shows. The commitment was signed by the judge on January 31, 1938, and filed on February 5, 1938. More than a year and five months elapsed after the judgment in this case had become final and the time to appeal had expired, before appellant's motion was filed in the trial court. On or about July 12, 1939, the appellant made a motion in the Superior Court of Marin County, "to Vacate, Annul, and/or Set Aside and/or Modify" the judgment of January 31, 1938, on the ground that the court was without jurisdiction to pronounce the same. The motion expressly concedes that the conviction upon the three primary accusations, for violations of the narcotic law was proper, but appellant therein urged that he should not have been adjudged an habitual criminal for several reasons: (1) That the accusations of the prior convictions were not read to him as required by section 1025, Penal Code; (2) that he pleaded to them collectively; (3) that he should have pleaded to them in person (sec. 1018, Pen. Code) and not through his counsel; (4) that the prosecution did not make sufficient proof with respect to the al-

leged prior convictions; and (5) that two of the prior convictions "do not constitute legal prior felony convictions within the meaning of Section 644 and Section 668 of the Penal Code".

The appellant's main points are: (a) that the violation of section 218 of the Federal Criminal Code (counterfeiting money orders) is not one of the offenses enumerated in section 644 (read in connection with section 668) of the Penal Code; and (b) that the conviction of grand larceny in Utah cannot be used as a basis for adjudging him an habitual criminal because in Utah the crime of grand larceny is committed when the value of the property taken exceeds $50, whereas in this state the property taken must exceed $200 to make the offense grand theft. These contentions, substantially, formed the basis for the appellant's motion in the trial court, and he presented them there, as he does here, without the aid of counsel. The trial court denied the motion on August 18, 1939, and appellant immediately filed this appeal.

We are satisfied that these questions cannot be reviewed upon their merits in this proceeding. As argued by the attorney-general in his brief, "such questions were ones of issuable fact and mixed law and fact which were before the trial court at the time the judgment was pronounced, and that as a result they could have been raised on a direct appeal from the judgment, had such an appeal been taken". Moreover, it has been held, comparatively recently, that an attack such as this, by motion to vacate the judgment, is, in legal effect, a proceeding for a writ of error, *coram nobis*, whether it be called by that name or not. (*People* v. *Vernon*, 9 Cal. App. (2d) 138, 141 [49 Pac. (2d) 326], citing *People* v. *Mooney*, 178 Cal. 525 [174 Pac. 325], and *People* v. *Reid*, 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435].) The case of *People* v. *Moore*, 9 Cal. App. (2d) 251 [49 Pac. (2d) 615], is directly in point. The only difference between that case and this is that Moore had first appealed on the merits and upon affirmance of the judgment he petitioned the trial court for a writ of error, *coram nobis*, from a denial of which petition he then appealed. The point he made in the lower court and on the last appeal was essentially the same as the principal point made by the appellant here, i. e., "that three of the prior convictions with which defend-

ant [Moore] was charged, . . . were not felonies in this state''. On Moore's last appeal the appellate court conceded (9 Cal. App. (2d) 253) for the purpose of the case that three of the four prior convictions were not felonies in this state, but nevertheless affirmed the order which had denied Moore's petition, for the reasons and upon the authorities given in that opinion, which need not be repeated herein. The fact that Moore had first appealed from the judgment, and that McVicker had not, does not distinguish the two cases, for on the Moore appeal on the merits (137 Cal. App. 130 [30 Pac. (2d) 79]) although there was testimony from which an inference might have been drawn that the defendant had served time, the point that three out of four of the ''priors'' charged were not felonies in this state was not touched upon or suggested. The gist of the whole question is summed up in the Moore case, 9 Cal. App. (2d) 255, as follows: ''We fail to see how the position of defendant in this proceeding is any different from that of a person who pleads guilty to a crime believing in fact that he was guilty of the same at the time of his plea, when, as a matter of law, the facts could not establish his guilt. In the latter situation a defendant would have the undoubted right to make a motion to change his plea. . . . [Citing authorities.] If, however, the defendant omits to do so, and the time has expired for the exercise of any of the statutory remedies after judgment, which might be invoked to cure the situation, and the judgment becomes final, there would be no further legal recourse by any form of judicial review. The same, we believe, is true in this case.'' In *People* v. *Lumbley,* 8 Cal. (2d) 752, 760 [68 Pac. (2d) 354], the Supreme Court follows and approves *People* v. *Moore, supra,* adopting the foregoing quotation therefrom.

 If neither the federal nor the Utah conviction is available to establish that the appellant is an habitual criminal, the problem presented is that of an excessive sentence, for which the appellant of course has a remedy. Appellant admits that he was properly convicted on the three primary charges of violating the narcotic law. The judgment and sentence, to that extent, is valid in any event. (8 Cal. Jur., pp. 466, 467, sec. 483; *In re Morck,* 180 Cal. 384 [181 Pac.

657].) If the said two "priors" were improperly invoked,— and on this we express no opinion, for the reason, already indicated, that the question cannot be brought before the court in this form of proceeding,—then upon the arrival of the time when appellant would be entitled to release from confinement for the primary offenses, the legality of his continued or prolonged confinement solely because of the prior convictions can be tested on *habeas corpus*. (13 Cal. Jur., p. 243, sec. 22; *In re Morck, supra; In re Miller*, 133 Cal. App. 228, 230 [23 Pac. (2d) 1034] ; see, also, cases cited at 6 Cal. Jur. Ten-Year Supp., p. 237, sec. 22.)

The order appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.