[Crim. No. 5022.  Second Dist., Div. Two.  Nov. 25, 1953.]

THE PEOPLE, Respondent, v. PORTER EDWARD JEN-NINGS et al., Defendants; WILLIAM HARTLEY ACASON, Appellant.

William Hartley Acason, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

McCOMB, J.—*Chronology.* i. September 4, 1952, an information was filed by the district attorney of Los Angeles County, charging defendant and his codefendant, Porter Edward Jennings, with seven counts of grand theft, and one count of criminal conspiracy to cheat and defraud by false pretenses and to commit grand theft.

ii. September 15, 1952, defendant pleaded not guilty in propria persona.

iii. November 12, 1952, Mr. Grant Cooper, an attorney at law, was substituted as counsel for both defendants.

iv. November 12, 1952, an amended information was filed charging defendants in count one with issuing a check without sufficient funds, and with seven counts of grand theft and one count of criminal conspiracy. Thereupon defendants were duly arraigned and each entered a plea of guilty as charged in count one and not guilty as to the other counts.

v. January 19, 1953, Mr. Max B. Sisenwein was substituted as counsel for defendant in place of Mr. Cooper. Defendant moved to withdraw his plea of guilty as to count one and enter a plea of not guilty. This motion was denied, and defendant was placed on probation for five years on condition he serve six months of his probationary period in the county jail, and that he make restitution to persons who suffered losses. On motion of the deputy district attorney the other counts of the amended information were dismissed.

vi. January 26, 1953, an order was issued to show cause why defendant should not be permitted to withdraw his plea of guilty and substitute a plea of not guilty. Affidavits were submitted, the matter was heard and argued, and defendant's motion denied. He was then remanded to the custody of the county sheriff.

vii. February 10, 1953, defendant appealed from the order denying his motion to withdraw his plea of guilty and substitute a plea of not guilty.

Defendant predicates his appeal upon the ground that he was not properly represented by counsel since Mr. Cooper, who advised him, also represented his codefendant; that the two defendants' interests were conflicting and therefore he should have been represented by independent counsel.

This proposition is devoid of merit because the law is established that a motion to vacate a judgment and for permission to withdraw a plea of guilty is in the nature of a petition for a writ of error *coram nobis.* (*People* v. *Adams,* 100 Cal.App.2d 841, 842 [1] [224 P.2d 873] ; *People* v. *James,* 99 Cal.App.2d 476, 479 [1] [222 P.2d 117].)

It is likewise settled that the question of whether a defendant's constitutional rights have been violated and his plea of guilty vitiated by a lack of effective aid of counsel at the trial cannot be determined by proceedings in the nature of a petition for a writ of error *coram nobis*. (*People v. James, supra,* 479 [2].)

In the instant case it is apparent that defendant's petition was in the nature of a writ of error *coram nobis,* and that the question of effective aid of counsel was outside the scope of such proceeding and the trial court did not err in denying defendant's application.

Affirmed.

Moore, P. J., and Fox, J., concurred.