[Crim. No. 5637.   Second Dist., Div. Two.   Sept. 18, 1956.]

THE PEOPLE, Respondent, v. CHARLES E. LARSEN, Appellant.

Charles E. Larsen, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

ASHBURN, J.—This is an appeal from an order denying defendant's motion to vacate the judgment of conviction, a proceeding recognized as the equivalent of an application for a writ of error *coram nobis*. (*People* v. *Jennings*, 121 Cal.App.2d 531, 532 [263 P.2d 37] ; *People* v. *Adamson*, 34 Cal.2d 320, 330 [210 P.2d 13] ; 12 Cal.Jur.2d § 4, p. 554.)

Appellant's major contention is that a 1947 amendment to Penal Code, section 2926,[1] is unconstitutional, in that it deprives him of certain credits previously earned. ■ The authorities establish that *coram nobis* "is not the proper vehicle for vindicating constitutional rights; that is a function of motion for new trial, appeal or habeas corpus." (*People* v. *Ayala*, 138 Cal.App.2d 243, 246 [291 P.2d 517].) To the same effect are *People* v. *Adamson*, 34 Cal.2d 320, 327 [210 P.2d 13] ; *People* v. *Jennings*, 121 Cal.App.2d 531, 533 [263 P.2d 37].)

If *coram nobis* were an appropriate remedy the instant petition would be factually insufficient. "It would be a salutary thing if the applicants for this writ could be made to understand its narrow scope. It does not lie to correct errors of law made at the trial. ■ 'Its purpose is to secure relief,

---

[1] Prior to 1947, section 2926 read: "The provisions of this article are to apply to all prisoners now serving sentence in the State prison, to the end that at all times the same provisions relating to credits shall apply to all the inmates thereof." (Stats. 1941, p. 1107.) By chapter 1381 of the 1947 statutes the Legislature provided, in section 1: "It is the intention of the Legislature, recognizing the inconsistency of applying a statutory system of credits to a prison term fixed under the indeterminate sentence law, to abolish by this act the statutory system of credits now in use in the prisons of this State. . . . Where the person is received at a state prison or institution under the jurisdiction of the Director of Corrections on or after January 1, 1948, it is the intention of the Legislature that no statutory credits be allowed him. As the terms of prisoners are shortened by the allowance of credits, provision is made in this act for an earlier parole date and for an earlier discharge date in the case of this latter class of prisoners." Said chapter also amended section 2926, Penal Code, to read as follows: "The provisions of this article are to apply to all prisoners serving sentence on December 31, 1947, in the state prison, to the end that at all times the same provisions relating to credits shall apply to all such inmates thereof. No prisoner received on or after January 1, 1948, at any state prison or institution under the jurisdiction of the Director of Corrections shall receive or be allowed any credits provided for in this article or under section 2789 of this code." (Stats. 1947, pp. 2944-2945.)

where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. [Citing cases.] ■ The applicant for the writ "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)' (*People* v. *Adamson*, 34 Cal.2d 320, 326 [210 P.2d 13].) . . . ■ The applicant must allege facts which establish a right to the writ within its recognized narrow confines. Mere conclusions or generalities will not suffice." (*People* v. *Ayala, supra,* 138 Cal.App.2d 243, 245, 246, 247.) ■ It affirmatively appears that appellant does not complain of any incident of his original conviction. He claims a deprivation of earned credits for good behavior; but it is not shown that in fact he entered prison on or after January 1, 1948, or that he had actually earned any credits before that date. The petition consists of generalities which do not suffice to make a showing entitling one to the writ.

On October 17, 1938, appellant in the Los Angeles Superior Court entered a plea of guilty to the charge of burglary, which crime was fixed as first degree, and on November 2, 1938, defendant was sentenced to the state prison for the term prescribed by law. Execution was suspended and probation granted for a period of five years. No appeal was taken or attempted. Probation was revoked and restored twice prior to December 6, 1948. Petitioner having been imprisoned in San Quentin pursuant to conviction of burglary in the San Francisco Superior Court, the Los Angeles court on November 30, 1953, made an order containing this: "Probation having been heretofore revoked, the sentence imposed on November 2, 1938, committing this defendant to the State Prison for the term prescribed by law is ordered in full force and effect. This sentence is ordered to run CONCURRENTLY with sentence Defendant is now serving. Defendant is remanded into the custody of the Director of Corrections at the California State Prison at San Quentin."

Appellant admits and asserts that he is lawfully imprisoned and not entitled to habeas corpus. His interesting objective is disclosed at page 18, opening brief: "Appellant conce*ds* that the irregularity of which he complains was not in the

508

trial in 1938—but in the application of the penalty after the trial—after subsequent legislation had been enacted to the detriment of appellant. A retrial could not change the situation of the appellant, hence, it would be useless. While the discharge of the appellant releases from the information one guilty of a felony, this misfortune is one for which the State Legislature alone is responsible. Appellant urges that it is better that he escape punishment entirely for the 1938 offense than for the courts of this state, under the guise of subserving the ends of justice assume that they may rise higher than the law and disregard the plain mandate of both the Federal and State Constitutions." The contention is that, as the 1947 amendment to Penal Code, section 2926, abolishes the right to good behavior credits earned prior to the amendment, the order of November 30, 1953, imposes a new sentence to be served without possibility of credits. ■ Actually the order is but one revoking suspension of *execution* of judgment, not a new judgment. (*In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].) Section 1203.2, Penal Code, concludes with these words: "[B]ut if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the judgment shall be in full force and effect, and the person shall be delivered over to the proper officer to serve his sentence, less any credits herein provided for."

■ The punishment for first degree burglary is fixed at not less than five years with no maximum specified. (Pen. Code, § 461, subd. 1.) Appellant's remedy is to have his sentence fixed or refixed when he has served the lawful term, whatever that may be, and if dissatisfied to review the matter on habeas corpus at that time. ■ *In re Seeley,* 29 Cal.2d 294, says at page 302 [176 P.2d 24]: "The rule is settled in this state in accord with the weight of authority that 'where a court has jurisdiction of the person and of the crime, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but leaves only such portion of the sentence as may be in excess open to question and attack. In other words, the sentence is legal insofar as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separate and may be dealt with without disturbing the valid portion of the sentence.'" At page 303: "No difficulty is likely to arise in ascertaining the lawful portion

of the sentence which should have been imposed upon the petitioner. Section 461 of the Penal Code fixes the punishment for first degree burglary as imprisonment in the state prison for not less than five years. Since no maximum is there prescribed the petitioner has failed to show that he is entitled to his release at this time. The proper course to pursue is for the constituted authority to refix the sentence of the petitioner in accordance with the declaration of his rights as stated in this opinion.'' This is but one of a consistent line of cases announcing and applying the same rule. (*In re Morck,* 180 Cal. 384 [181 P. 657] ; *In re Rosencrantz,* 205 Cal. 534, 541 [271 P. 902] ; *In re Seeley, supra,* 29 Cal.2d 294, 302; *In re Bramble,* 31 Cal.2d 43, 53 [187 P.2d 411] ; *In re Drake,* 38 Cal.2d 195, 197-198 [238 P.2d 566] ; *In re Spaulding,* 8 Cal.App.2d 497, 498 [48 P.2d 133].)

Appellant, as shown above, is not entitled to a writ of *coram nobis* and the time for habeas corpus has not arrived.

The order is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied September 26, 1956, and appellant's petition for a hearing by the Supreme Court was denied October 17, 1956.