[Crim. No. 5619.   Second Dist., Div. Three.   Nov. 27, 1956.]

THE PEOPLE, Respondent, v. CHARLES BLAIR, Appellant.

Charles Blair, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with forgery of a fictitious name. He pleaded guilty. It was also alleged in the information that he had been convicted of a felony. He denied that allegation, but it was found to be true.

In another information, defendant Blair and four other persons were charged with burglary. This information was dismissed, as to Blair, in the interest of justice.

Defendant Blair was sentenced to state prison on the forgery charge. That judgment was entered on April 22, 1954. No appeal was taken therefrom.

On November 14, 1955, defendant Blair filed a motion to vacate the judgment as to the forgery charge. He asserted therein that the charge was ''unlawful'' in that he was arrested on suspicion of burglary and he could not be prosecuted for forgery because he did not cash or attempt to cash a check. He also asserted therein that he pleaded guilty to signing his name to the check because his counsel (a deputy public defender) promised that if he would plead guilty he would get a jail sentence. The motion to vacate the judgment was denied. Defendant appeals from the order denying the motion.

Upon application of appellant for appointment of counsel, this court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals for a report as to the merit of the appeal. A member of that committee made a written report to the court stating that he researched the matter and he could see no practical reason why a brief should be prepared in appellant's behalf, as it would avail appellant nothing in the opinion of the member of the committee. Appellant was notified as to the report, and he was given an opportunity to file a brief in propria persona. He has filed an opening brief and a closing brief.

It appears that about one and one-half years after judgment was entered upon defendant's plea of guilty, defendant sought to vacate the judgment in order to present questions of fact which he had not presented to court. Such proposed questions of fact were that he did not cash or attempt to cash a check, and that his counsel promised that defendant would receive a jail sentence if he pleaded guilty.

Such a proceeding is the equivalent of an application

for a writ of error *coram nobis.* (*People* v. *Larsen,* 144 Cal. App.2d 504, 506 [301 P.2d 298].) "The function of such an application is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before the rendition of judgment." (*People* v. *Mendez,* 144 Cal.App.2d 500, 503 [301 P.2d 295].)　■　Whether or not defendant cashed or attempted to cash a check was a matter within his knowledge at the time he pleaded guilty. Whether or not he was deceived by his counsel with respect to pleading guilty was a matter within his knowledge at the time sentence was pronounced. Defendant did not make any statement in his motion (to vacate the judgment) with respect to his delay in presenting those alleged matters to the trial court. No affidavit was filed in support of his motion.　■　Even if defendant, or someone on his behalf, had made statements in affidavits or otherwise regarding such delay, the trial court would not have been required to accept the statements as true. (*People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976].) In *People* v. *Mendez, supra,* it was said at page 503:　■　"[I]t is well established that a claim of denial of effective aid of counsel may not be raised in a proceeding in the nature of a petition for writ of error *coram nobis.*"

The order denying the motion to vacate the judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.