[Crim. No. 5787. Second Dist., Div. Three. Jan. 24, 1957.]

THE PEOPLE, Respondent, v. OLIVER GARDNER RUSHING, Appellant.

Oliver Gardner Rushing, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

VALLÉE, J.—Appeal from an order denying defendant's motion to vacate a judgment.

On April 27, 1956, an information was filed charging defendant in two counts with grand theft and a violation of section 503 of the Vehicle Code. The information alleged that prior to the commission of the offenses charged defendant had been

convicted of two felonies and had served terms of imprisonment therefor. At defendant's arraignment the public defender was appointed his counsel. On May 4, 1956, his counsel being present, defendant pleaded guilty to the offense charged in Count II—violation of section 503 of the Vehicle Code—and admitted the prior convictions. A probation report was ordered.

On May 25, 1956, defendant being present with his counsel, probation was denied, the admission of the prior convictions was withdrawn, the prior convictions were denied, defendant waived a jury trial as to the prior convictions and no finding was made with respect to them, Count I was dismissed, and defendant was sentenced to state prison on Count II. No appeal was taken from the judgment.

On August 20, 1956, defendant filed with the clerk of the superior court a document titled "Motion to Vacate, Annull Quash and Set Aside Judgment, the Judgment is Void on the Face of the Judgment Roll." On August 28, 1956, an order was made denying the motion. Defendant appealed.

The grounds stated in the motion were: 1. The "judgment is void on the face of the judgment roll, and is repugnant to the 1st, 4th, 5th, 6th, 8th and 14th amendments of the United States Constitution." 2. The court was not authorized to punish defendant twice "for the same pretended offense," which defendant calls "double jeopardy." 3. "Numerous grounds but only one ground needs to be proved." 4. "The verdict is contrary to law; unwarranted, unfounded." 5. The judgment is "barred by the statutes of limitations for over (755) years since the signing of the Magna Charta."

The proceeding is in the nature of a petition for a writ of error *coram nobis* and is of limited scope. ▪ As we said in *People* v. *Suarez,* 142 Cal.App.2d 719, 720 [298 P.2d 895] :

"In order to present a meritorious application for vacation of a judgment there must be a strong showing of the existence of some fact which was unknown to the petitioner at the time of trial and which could not have been ascertained by him in the exercise of reasonable diligence and the fact must be one which, if it had been known, would have prevented the rendition of the judgment. (12 Cal.Jur.2d, Coram Nobis, p. 550.)"

The showing made in defendant's motion was manifestly insufficient. (*People* v. *Washington,* 142 Cal.App.2d 720 [298 P.2d 879] ; *People* v. *Lempia,* 144 Cal.App.2d 393 [301 P.2d 40] ; *People* v. *Mendez,* 144 Cal.App.2d 500 [301 P.2d 295] ; *People* v. *Larsen,* 144 Cal.App.2d 504 [301 P.2d 298] ;

*People* v. *Gamboa*, 144 Cal.App.2d 588 [301 P.2d 390]; *People* v. *Blair*, 146 Cal.App.2d 299 [303 P.2d 597].) In view of what is said in these recent cases elaboration is unnecessary. The action was not barred by the statute of limitations. There was no verdict in the case; defendant pleaded guilty. There was no "double jeopardy." Defendant pleaded guilty to, was convicted of, and was sentenced for one offense only—violation of section 503 of the Vehicle Code.

As we understand him, defendant contends that the Adult Authority, in fixing the term of his imprisonment, has considered or will consider that he has admitted the two prior convictions charged. If defendant has a just complaint on that score his remedy is not a writ of error *coram nobis*. A somewhat similar contention was made in *People* v. *Larsen*, 144 Cal.App.2d 504 [301 P.2d 298]. Mr. Justice Ashburn wrote (p. 508):

"The punishment for first degree burglary is fixed at not less than five years with no maximum specified. (Pen. Code, § 461, subd. 1.) Appellant's remedy is to have his sentence fixed or refixed when he has served the lawful term, whatever that may be, and if dissatisfied to review the matter on habeas corpus at that time. *In re Seeley*, 29 Cal.2d 294, says at page 302 [176 P.2d 24]: 'The rule is settled in this state in accord with the weight of authority that "where a court has jurisdiction of the person and of the crime, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but leaves only such portion of the sentence as may be in excess open to question and attack. In other words, the sentence is legal insofar as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separate and may be dealt with without disturbing the valid portion of the sentence." ' At page 303: 'No difficulty is likely to arise in ascertaining the lawful portion of the sentence which should have been imposed upon the petitioner. Section 461 of the Penal Code fixes the punishment for first degree burglary as imprisonment in the state prison for not less than five years. Since no maximum is there prescribed the petitioner has failed to show that he is entitled to his release at this time. The proper course to pursue is for the constituted authority to refix the sentence of the petitioner in accordance with the declaration of his rights as stated in this opinion.' This is but one of a consistent line of cases announcing and applying the same rule. (*In re Morck*, 180 Cal. 384 [181 P. 657]; *In re Rosen-*

*crantz,* 205 Cal. 534, 541 [271 P. 902] ; *In re Seeley, supra,* 29 Cal.2d 294, 302; *In re Bramble,* 31 Cal.2d 43, 53 [187 P.2d 411] ; *In re Drake,* 38 Cal.2d 195, 197-198 [238 P.2d 566] ; *In re Spaulding,* 8 Cal.App.2d 497, 498 [48 P.2d 133].) ''

Defendant is not entitled to a writ of error *coram nobis.* Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 20, 1957, and appellant's petition for a hearing by the Supreme Court was denied March 25, 1957.