[Crim. No. 510.    Fifth Dist.    Oct. 30, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD LEE CROUCH, Defendant and Appellant.

Harold D. Winingar for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Talmadge R. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

CONLEY, P. J.—This appeal from a denial of a writ of error *coram nobis* is without merit, both because the record in form is hopelessly deficient and because the appeal involves no point which would justify overturning the trial court's refusal to issue the writ.

Edward Lee Crouch, a criminal previously convicted in the State of Utah, was prosecuted for possession of a forbidden firearm (Pen. Code, § 12021). He was accused of possessing a .38 caliber pistol capable of being concealed upon the person and having a barrel less than 12 inches in length. After arraignment and admission to bail the defendant failed to attend court on the day fixed for his trial, but he later was brought into court and his bond reinstated. He was then represented by a Texas attorney, who was permitted to act for him by the trial judge under the principle of reciprocity, and in due time he changed his plea from not guilty to guilty. The probation officer in a comprehensive report recommended denial of his plea for probation, and he was sentenced to the state prison.

Crouch afterwards filed the document, which he denominated "motion for writ of error coram nobis." In it he says that he ". . . petitions this court for a writ of errow [*sic*] coram nobis to vacate and set aside the judgment [*sic*] and

sentence on the instant cause of action in that they were the results of an inadvertunt [*sic*] mistake, intrinsic and extrensic [*sic*] fraud, to wit. That the petitioner, Edward Lee Crouch, was arrested for the alleged violation of the Penal Code, section 12021, entered a plea of not guilty there to, and then changed said plea of not guilty to that of guilty.''

He then says ''That had the court known before accepting said plea of guilty that the petitioner on, representation and, a promise made to petitioner by counsel of record and the district attorney of a county jail sentence and a fine would be the most the petitioner would be sentenced to for said guilty plea, the court would not have accepted same. That had the court known that counsel of record had fraudulently induced petitioner to enter said plea of guilty after representing to the petitioner that he, counsel of record, was a member of the California Bar Association and that counsel had fixed a deal with the district attorney, that for said guilty plea he, counsel of record, would get the petitioner a county jail sentence and a fine, the court would not have accepted said plea knowing same was not one of the petitioners free will or own volition, but entered solely because of the false representation and promise made to petitioner by so called counsel of record. Had the petitioner known that the promise and representation made to him by the counsel of record and the district attorney was not binding upon the court to administer, and that said representation and promise were solely to deprive petitioner of trial, either by judge or jury, and that by a transcript trial, after the court failed to admonish petitioner of his right to be confronted by his accuse [*sic*] and to cross examine same, as well as the consequence of said guilty plea, the petitioner would have stood trial, instead of pleading himself, into prison.''

The petitioner also complains that he was not properly represented by his retained attorney and continues—''That had the court known that such deception, false representation, promise and fraud were contrived to induce petitioners plea of guilty and, too, not knowing that petitioner had retained and paid counsel of record two thousand dollars ($2000.00) to prepare, and represent said petitioner, the court would not have accepted said plea, knowing that petitioner could have declared himself indigent and had the court to appoint public defender who could not have gotten anything more, maybe less, than a prison sentence as was imposed upon petitioner.'' The petitioner then said that he had a meritorious defense which was not passed upon by a jury.

This document was not an affidavit; it was not sworn to and no other affidavit or admissible showing was made. The petition is clearly insufficient in that facts or alleged facts are not stated with the particularity required. (*People* v. *Hemphill,* 265 Cal.App.2d 156 [71 Cal.Rptr. 397] ; *People* v. *Lampkin,* ·259 Cal.App.2d 677-678, 673 [66 Cal.Rptr. 538] ; *People* v. *Quigley,* 222 Cal.App.2d 694, 700-701 [35 Cal.Rptr. 393].)

The clerk's transcript by improper request contains a letter from William J. Gillespie, the Texas attorney, who represented defendant at the time he pleaded guilty, and there is ·also an affidavit printed with petitioner's brief on appeal. Neither of these documents was before the court prior to or at the time of the ruling and neither can be considered on this appeal under the well-settled applicable law.  ■  The petition for writ of error *coram nobis* is opposed by a strong presumption that the judgment of conviction was correct (*People* v. *Lewis,* 166 Cal.App.2d 602 [333 P.2d 428] ; *People* v. *Quigley, supra,* 222 Cal.App.2d 694; *People* v. *Ayala,* 138 Cal.App.2d 243, 246 [291 P.2d 517] ), and the trial judge is required to weigh a defendant's statements contained in his petition against this presumption (*People* v. *Tannehill,* 193 Cal.App.2d 701, 705 [14 Cal.Rptr. 615] ).  ■  As is said in *People* v. *Croft,* 134 Cal.App.2d 800, 804 [286 P.2d 479] : ''No facts outside the record and no affidavits which were not before the trial court can be considered on appeal.''

Even if the Texas letter, unverified, had been received before the trial court's ruling and considered by it, the letter would not have authorized the issuance of a writ. It reads as follows :

''Mr. Edward Lee Crouch

California Medical Facilities

Box 2000

Vacaville, California

Dear Eddie :

. ''In accordance with your wife's request, I am confirming our verbal conversation in regard to the plea of guilty on your case in California.

''As you know we talked to the District Attorney and he assured us that he would recommend a probation in this cause, and then I talked with Judge Mundt who would not assure me of granting such probation but indicated that he felt it was a case that probably deserved probation.

''Then when we arrived for sentencing after the plea of guilty, the probation report indicated that the District Attor-

ney did not recommend probation, but that he recommended sentencing to the State Penitentiary. Mr. Reagor did not make known to the Court at sentence time that he had told me that he would recommend probation.

"Had I not felt that the District Attorney would recommend probation and have felt fairly sure that the Judge would probate the sentence, I probably would not have advised you to plead guilty in this matter.

"Yours very truly,
GILLESPIE & McCLENDON
/s/ W. J. Gillespie
William J. Gillespie"

It will be noted that it is not said in the letter that the district attorney agreed to secure a jail sentence or probation, but only that he ". . . assured us that he would recommend a probation in this cause." The deputy district attorney present in court for the trial was not the deputy who was mentioned in the probation report as opposing probation. The deputy referred to in the Gillespie letter was named Reagor and the deputy who was quoted in the probation report as opposing probation was Issnard.

Judge Albert H. Mundt received the plea of guilty in the criminal case and also passed upon the petition for *coram nobis*, as indicated in *People* v. *Burroughs,* 197 Cal.App.2d 229, 235 [17 Cal.Rptr. 323], he was in an exceptionally good position to rule upon the attempt of the petitioner to secure *coram nobis.*

The trial court was entitled to render its decision wholly on the strength or weakness of appellant's petition (*People* v. *Mendez,* 144 Cal.App.2d 500, 504 [301 P.2d 295]; *People* v. *Blair,* 146 Cal.App.2d 299, 301 [303 P.2d 597]); it was not necessary for the People to present contradictory evidence (*People* v. *Quigley, supra,* 222 Cal.App.2d 694, 697; *People* v. *Ayala, supra,* 138 Cal.App.2d 243, 249). There is no evidence in the record to substantiate the allegation stated in a most general way that a promise of a recommendation of leniency was made to induce the guilty plea except the self-serving allegation in the unverified petition itself. This trial court was entitled to reject (*People* v. *Quigley, supra,* 222 Cal.App.2d 694, 697-698; *People* v. *Thomas,* 121 Cal.App. 2d 754, 756 [264 P.2d 100]); and even if the unsworn letter of petitioner's trial counsel and the affidavit which the petitioner made entirely outside the record had been before the trial court, that court could not have been required to accept

the statements as true or controlling. (*People* v. *Blair, supra,* 146 Cal.App.2d 299, 301.)

In *People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993], it is stated: "(1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] . . . (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .'" (See also *People* v. *Esparza,* 253 Cal.App.2d 362, 363-364 [61 Cal.Rptr. 167].)

█ It will be noted that these requirements in the *Shipman* case were not all observed or complied with. By the showing of the petitioner himself all of the facts which he now alleges as grounds for a writ were known to him or should have been known before judgment in the case; in this connection, it will be remembered that the law requires that the probation officer deliver a copy of his report to the defendant's attorney at least two days before the hearing, and the opportunity then existed for the petitioner to ascertain that Deputy District Attorney Issnard (who is not the deputy alleged to have made a promise that he would approve probation) recommended a denial. In other words, the petitioner had the right and opportunity to expose all of the alleged facts to the court before sentence, and it was his duty, if indeed such facts existed, to do so. As is said in *People* v. *Quigley, supra,* 222 Cal.App.2d 694, 701: "[A]n application [for *coram nobis*] must also set forth that the facts upon which the defendant relies were not known to him *or could not,* in the exercise of due diligence, *have been discovered by him prior to judgment* or at least substantially earlier than the time of application. [Citations.]" (Italics added.) As there has been a failure of the petitioner to comply with the requirements for *coram nobis* set forth in the *Shipman* case, *supra,* he is not entitled to complain of the ruling of the trial court that *coram nobis* be denied.

█ Inadequate representation of a defendant, if it actu-

ally exists, is not recognized as a proper ground for *coram nobis* and, therefore, the allegation in the petition with respect to the services of his counsel who, incidentally, according to the petitioner, was retained by him and handsomely compensated for his representation, cannot avail him. (*People* v. *Lewis, supra,* 166 Cal.App.2d 602, 607; *People* v. *Quigley, supra,* 222 Cal.App.2d 694, 699; *People* v. *Ayala, supra,* 138 Cal.App.2d 243, 249; 12 Cal.Jur.2d, Coram Nobis, § 11, pp. 562-563.)

The order of the court below denying a writ of *coram nobis* is affirmed.

Gargano, J., concurred.