Filed 1/19/16  P. v. Prothero CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C079708 |
| Plaintiff and Respondent, | (Super. Ct. No. HCCR150000013) |
| v. | |
| RICHARD PROTHERO, JR., | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Defendant Richard Prothero, Jr., appeals from an order denying his petition for a writ of error *coram nobis*.

In his petition filed on April 23, 2015, defendant, in propria persona, claimed all of the following:  he pled guilty to second degree murder, possession of body armor, and possession of a controlled substance and was sentenced on April 20, 2010; he entered his plea while under the influence of "heavy psychotropic medications and duress from his attorney"; he has documented juvenile and adult incarceration records showing he has a

1

mental illness, while in county jail he had received four psychotropic medications, and that he is "currently under a court order to be injected with psychotropic medication to control his diagnosed mental illness"; his attorney never initiated a sanity or competency evaluation; he recently received discovery that the "government had taken photos of alleged confession on his cell wall (while he was under the influence of several prescribed psychotropic medications)"; his attorney "had told him that the wall confession would get him and that he had better taken [*sic*] this only offer, which was a life sentence of 15 years to life"; the evidence against him, absent the wall confession, was less than credible ("finger pointing from a co-defendant"); witnesses had told the police that codefendant had stated he (codefendant) did not mean to shoot; and the discovery showed he had a valid defense.

Defendant sought a writ of error *coram nobis* on the grounds that at the time of his plea, he was not sane, his waiver of his constitutional rights was not valid, and his attorney rendered ineffective assistance.

By written order, the trial court denied the petition. The trial court found that defendant had failed: to articulate grounds for relief, to present any evidence in support of his claims, to raise his claims in a timely fashion, and to explain his five-year delay in raising his claims.

Defendant, in propria persona, filed a notice of appeal.

A trial court's denial of a petition for a writ of error *coram nobis* is an appealable order; we review the ruling for an abuse of discretion. (Pen. Code, § 1237, subd. (b); *People v. Shorts* (1948) 32 Cal.2d 502, 506-507; *People v. Dubon* (2001) 90 Cal.App.4th 944, 950-951; *People v. Goodspeed* (1963) 223 Cal.App.2d 146, 156; *People v. Painter* (1963) 214 Cal.App.2d 93, 99; *People v. Devora* (1951) 105 Cal.App.2d 457, 463.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,*

2

25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Defendant's entitlement to the writ fails on procedural grounds -- the petition does not show defendant acted with due diligence (*People v. Kim* (2009) 45 Cal.4th 1078, 1096-1099) and he failed to either appeal or seek a writ of habeas corpus (*id.* at pp. 1099-1100). Moreover, "the writ of error *coram nobis* ' "does not lie to correct any error in the judgment of the court nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself. If this could be, there would be no end of litigation. . . . The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have *prevented the rendition of the judgment*; and which without fault or negligence of the party, was not presented to the court." ' [Citation.]" (*Id.* at p. 1092.) "The seminal case setting forth the modern requirements for obtaining a writ of error *coram nobis* is *People v. Shipman* (1965) 62 Cal.2d 226. There we stated: 'The writ of [error] *coram nobis* is granted only when three requirements are met. (1) Petitioner must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." [Citations.] (2) Petitioner must also show that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner "must show that the facts upon which he relies were not known to him and could not in the

3

exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .” ’ (*Id.* at p. 230.)” (*Kim*, *supra*, 45 Cal.4th at pp. 1092-1093.) “*Coram nobis* will not issue to vacate a plea of guilty solely on the ground that it was induced by misstatements of counsel [citation] or where the claim is that the defendant did not receive effective assistance from counsel [citations].” (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 982-983; *People v. Crouch* (1968) 267 Cal.App.2d 64, 69-70; *People v. Mendez* (1956) 144 Cal.App.2d 500, 503.)

## DISPOSITION

The trial court’s order denying appellant’s petition for writ of error *coram nobis* is affirmed.


/s/
Blease, Acting P. J.


We concur:



/s/
Hull, J.



/s/
Robie, J.

4