[Crim. No. 14198.   Second Dist., Div. Four.   Aug. 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM ROBERT HEMPHILL, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, George J. Roth and Mark L. Christiansen, Deputy Attorneys General, for Plaintiff and Respondent.

FILES, P. J.—On April 21, 1966, defendant pleaded guilty to the offenses of burglary (Pen. Code, § 459) and taking a motor vehicle without the consent of the owner (Veh. Code, § 10851). The two offenses were charged by separate informations. Each information alleged that defendant had previously been convicted of three felonies, to wit, robbery (Pen. Code, § 211) in 1956, escape (Pen. Code, § 4530) in 1957, and burglary (Pen. Code, § 459) in 1962. These allegations were found to be true. On May 12, 1966, defendant was sentenced to state prison for each of the two felonies to which he had pleaded guilty. There was no appeal from the judgments.

On December 16, 1966, defendant filed in the superior court a motion to vacate the judgments of May 12. In support of that motion he attached a declaration under penalty of perjury which asserted in substance as follows:

That at the time of his arrest in April 1966 "two obviously innocent" friends of his were also arrested; that "defendant was threatened and coerced into making a false confession, and pleading guilty . . . in order to keep his two friends . . . from being falsely restrained of their liberty, accused and possibly prosecuted on these false charges"; that he was "threatened with being tried and convicted of numerous false charges, by the investigating detectives"; that he was "coerced . . . under duress into making the aforementioned

'confession' . . . in return for which the other charges against him would be dropped, and his two friends released''; that because of fear he did this.

His declaration also asserts:

"That further, defendant was deprived of the benefits of effective counsel, in that his court appointed counsel knew that defendant was pleading guilty under duress, threat and coercion, and when defendant tried to explain in order to ask for counsel's advice, counsel said he did not want to know about or have anything to do with the 'deal', or would he give advice or advise defendant of his rights, and allowed him to enter into this self-conviction thru the fraudulent plea of guilty, with apparent approval; that neither the attorney or the Court advised defendant of the consequences of his plea of guilty;

"That even the probation officer was aware of the aforementioned 'deal', and asked defendant if he wanted it mentioned in the probation report, which defendant, thru fear, declined.''

The trial court made an order denying the motion without a hearing. Defendant is appealing from that order.

On February 7, 1967, defendant filed in the superior court a document which he denominated a "petition for writ of mandate.". On the same day the superior court made its order denying that second petition, and defendant has filed a notice of appeal from that order. The February 7, 1967, document is so lacking in factual averments that it need not be either described or discussed.

The motion filed December 16, 1966, was the equivalent of a petition for a writ of error *coram nobis*. (*People* v. *Shipman*, 62 Cal.2d 226, 229, fn. 2 [42 Cal.Rptr. 1, 397 P.2d 993].) The *Shipman* opinion points out that a person seeking such relief, after judgment, must state with particularity the facts upon which he relies, just as in a habeas corpus petition, citing *In re Swain*, 34 Cal.2d 300, 304 [209 P.2d 793].

The *Swain* case held that a petition for writ of habeas corpus, based upon a claim that the prosecution had knowingly used perjured testimony, was insufficient to entitle the petitioner to a hearing. The court said: "It is the practice of this court to require, substantially, that one who seeks to show that his conviction was obtained by the prosecution's knowing use of perjured testimony quote or otherwise designate specifically the precise testimony which it is asserted was perjured, state in detail what the actual facts are, and name or

otherwise identify the person connected with the prosecution who knew it was perjured and persisted in using it, stating also the circumstances establishing such person's knowledge of the facts. Petitioner has not informed us what testimony of Mrs. Mollokoff was assertedly suppressed or what testimony of Mr. Smith was assertedly false, nor has he stated the circumstances establishing that the 'prosecuting attorney' knew these facts.'' (34 Cal.2d at p. 302.)

Defendant's declaration here falls short of the requirements of the law. He gives no facts in support of his statement that he was threatened, coerced, or subjected to duress, except that he was told by unidentified persons that he and two anonymous friends would be charged with unspecified crimes if he failed to confess and plead guilty. Though he characterizes his confession as false, he says nothing about what he confessed. He does not assert that he was innocent of the offenses to which he pleaded guilty. The matters stated in the petition are entirely consistent with the possibility that the officers believed in good faith that he and his friends were guilty of several offenses, but that the additional charges against defendant were dropped when he pleaded guilty to the two felonies of which he was admittedly guilty. Although he refers to this arragement as a ''deal,'' and indicates that at the time his motive was to gain freedom for his unidentified friends, he does not even aver that the officers promised to release his friends.

Defendant's assertion that his attorney ''knew that defendant was pleading guilty under duress, threat and coercion'' is a pure conclusion unsupported by any statement of fact. The alleged statement of counsel that he would not ''have anything to do with the 'deal' '' does not mean that counsel failed or refused to advise defendant, or failed to take any other action which should have been taken on his behalf. Defendant's statement that counsel would not advise him is another conclusion which is meaningless without any showing of what facts defendant disclosed to his attorney and on what matters he sought advice.

The record shows that, prior to this experience, defendant had three times been convicted of felony and committed to a state prison. The assertion that ''neither the attorney or the Court advised defendant of the consequences of his plea of guilty'' is absurd unless defendant is prepared to state that he did not realize that a plea of guilty to his fourth and fifth felonies would also result in prison sentences.

The petition fails to state grounds for *coram nobis* relief for the further reason that all of the matters stated were known to defendant prior to judgment. "Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . .' (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330]; . . ." (*People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].)

What the defendant here is trying to say is that in April 1966 he made a "deal" with the police and entered a plea of guilty; that he had grounds for setting aside the plea, but he chose not to disclose these facts to the court at the time of sentence on May 12, 1966; then in December 1966 he was ready to let the court hear the matter. The law does not give a party this option to deliberately withhold facts prior to judgment and then demand a hearing at some later time of his own choosing.

Criticism of defendant's trial attorney at this late date is futile. Had defendant believed at the time that he was not properly represented, he should have complained to the trial judge who could have corrected any such condition. Since the criticism goes to matters known to defendant prior to judgment, his unexplained failure to tell the trial court then bars him now. (*People* v. *Monk* (1961) 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865].) No reason or excuse has been offered by defendant for withholding from the court any of his information or beliefs at the time of judgment.

Since neither petition stated facts sufficient to invoke the jurisdiction of the superior court, the proper procedure was to deny each without a hearing. (*In re Nunez* (1965) 62 Cal.2d 234, 236 [42 Cal.Rptr. 6, 397 P.2d 998]; *People* v. *Shipman, supra,* 62 Cal.2d at p. 230.) Such an order is not appealable. (*People* v. *Lampkin,* 259 Cal.App.2d 673, 681 [66 Cal.Rptr. 538].)

The appeals are dismissed.

Jefferson, J., and Kingsley, J., concurred.