[Crim. No. 23633. Second Dist., Div. Two. May 24, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN L. NIGRO, Defendant and Appellant.

## COUNSEL

David M. Shacter, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Alan G. Novodor, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—After pleading nolo contendere before a magistrate to one count of grand theft and one count of receiving stolen property, defendant was certified to the superior court for sentencing pursuant to Penal Code section 859a. The latter court imposed a one-year sentence and placed defendant on three years' probation on various terms and conditions, one of which was that he serve 60 days in the county jail. At defendant's request execution of the sentence was stayed for approximately two weeks.

At the end of the stay of execution defendant appeared with a new attorney, Mr. I. A. Kanarek, and moved to set aside the pleas previously entered. An evidentiary hearing was conducted which, from our reading of the record, appears to have consumed a goodly portion of 24 court days and generated a reporter's transcript in excess of 1,000 pages. At the end of the hearing on February 22, 1973, the judge denied the motion to withdraw the pleas and also denied defendant's request for a certificate of probable cause pursuant to Penal Code section 1237.5. On the following day, February 23, 1973, the court modified the terms of probation to remit the time in custody and substitute therefor as a condition of probation a fine of $750.

On March 21, 1973, defendant noticed an appeal as follows:

"Martin Nigro
Acting As His Own Attorney
c/o I. A. Kanarek
14617 Victory Boulevard, Suite 1
Van Nuys, California 91401
782-2790      873-4255

"Superior Court of the State of California
for the County of Los Angeles

| | | |
|---|---|---|
| "People of the State of California | ) | No. A 290975 |
| Plaintiffs, | ) | |
| vs | ) | Notice of Appeal |
| | ) | |
| Martin Nigro | ) | |
| Defendant. | ) | |
| | ) | |

"Martin Nigro hereby files notice of his appeal to the Court of Appeal, District
Second Appellate ~~Division,~~ State of California from *the Order made after Judgment* in the defendant's case in Department 115 of the above entitled Court *on February 23, 1973,* the Honorable Judge William L. Ritzie presiding.

"Dated: March 20, 1973 at Van Nuys, California

"/s/  Martin L. Nigro

Martin Nigro
Acting As His Own Attorney"

(Italics added.)

█ It is obvious that the order from which defendant purports to appeal, i.e., the modification of probation to his benefit, is not truly the order he seeks to review. By this rather poorly disguised ploy he seeks to avoid the impact of Penal Code section 1237.5, and rule 31(d) of the California Rules of Court.[1] Furthermore, the worst effect of such notice is that by baldly characterizing the order appealed from as one made after judgment,

---

[1] We observe that while the notice of appeal purports to be by the defendant in propria persona, it is in legal form and lists defendant's address as c/o I. A. Kanarek, his counsel in the trial court. Thus the matter cannot be attributed to a layman's ignorance of the rules and law. Defendant has different counsel on appeal.

the clerk of the court apparently felt obligated to order preparation of the 1,000 page reporter's transcript even without the issuance of a certificate of probable cause.[2]

Penal Code section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty or perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

In the instant case the judgment of conviction was based on a plea of nolo contendere. The file contains neither a declaration of the defendant nor a certificate of probable cause. Defendant's attack on the plea by way of a motion to withdraw the plea did not have the effect of avoiding the requirements of Penal Code section 1237.5. (*In re Brown,* 9 Cal.3d 679 [108 Cal.Rptr. 801, 511 P.2d 1153].)

Rule 31(d) of the California Rules of Court provides in pertinent part: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of such plea which do not challenge the validity of the plea, . . . the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause . . . are inapplicable, *but the appeal shall not be operative unless the notice of appeal state that it is based upon such grounds.*" (Italics added.)

Simply characterizing the order appealed from as one made after entry of the plea such as was done here is not compliance with the rule. The rule envisions statement of "grounds" from which the inapplicability of Penal Code section 1237.5 can be determined.

In his brief on appeal defendant claims to have a right to have this court review the trial court's refusal to issue a certificate of probable cause.

█ Penal Code section 1237[3] specifies what appeals may be taken by

---

[2]This improper and unnecessary expenditure is unfortunate and should be avoided in the future. The notice of appeal was totally inadequate but even were it most liberally interpreted the record should have included only a transcript of the proceedings of February 23, 1973.

[3]Penal Code section 1237 provides in pertinent part: "An appeal may be taken by the defendant: 1. From a final judgment of conviction except as provided in Section 1237.5. A sentence, an order granting probation, . . . shall be deemed to be a final judgment within the meaning of this section. . . . 2. From any order made after judgment, affecting the substantial rights of the party."

a defendant. An order by which the trial court refuses to issue a certificate of probable cause may technically be one made after judgment but to permit an appeal therefrom would render Penal Code section 1237.5 meaningless. That section is designed to prevent "frivolous appeals" by requiring the trial court to rule on the issue of probable cause. The proper remedy to review the propriety of the trial court's ruling is by way of a timely petition for mandate. (*In re Brown, supra.*)

■ Since the record has been lodged with this court and in order to prevent further waste of time, effort and money, we have treated this matter, albeit untimely, as a petition for mandate, reviewed the record and concluded that the trial court properly refused to issue a certificate of probable cause.

Defendant concedes that "The *Tahl-Boykin* waivers are not in issue. Appellant knew quite what he was doing when he pleaded nolo." He contends that this is an "appeal based on facts that can be gleaned *between, rather than directly from, the lines* on the 1,000-odd pages comprising the Reporter's Transcript on Appeal." (Italics added.) This must be so because our reading of the *lines* fails to support his claim of some vague, unarticulated subjective feeling of "pressure" which he contends led to his plea of nolo contendere. We decline the request that we read between the lines.

The single issue which could possibly have been brought before this court by way of a properly worded notice of appeal is defendant's contention that the court failed to give him the benefit of his "plea bargain." But here again the record simply fails to bear out that contention.

The bargain was that in exchange for his pleas of nolo contendere the defendant would be sentenced as a misdemeanant. That is exactly what was done.

The appeal from the order is dismissed. The appeal is treated as petition for writ of mandate and denied.

Fleming, Acting P. J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 17, 1974.