BUTZ, J., Concurring and Dissenting
“Naturally I concur in the majority opinion I have prepared for the court” (People v. Jones (1998) 17 Cal.4th 279, 319 [70 Cal.Rptr.2d 793, 949 P.2d 890] (cone. opn. of Mosk, J.)); “[obviously, I concur fully in the majority opinion I have authored” (Cowan v. Superior Court (1996) 14 Cal.4th 367, 378 [58 Cal.Rptr.2d 458, 926 P.2d 438] (conc. opn. of Chin, J.)).
I write separately to explain my disagreement with the chosen disposition that my colleagues favor. Upon determining on the merits that a defendant is not eligible for relief under Penal Code section 1170.126,[1] the proper disposition should be to dismiss the matter because denial of the petition accordingly did not affect any substantial right of the defendant.

Defendant’s Appeal Must be Dismissed

Section 1237 authorizes an appeal from any order made after judgment “affecting the substantial rights of the party.” (§ 1237, subd. (b).) Therefore, an untimely motion to recall a sentence under the general provision (§ 1170, subd. (d)(1)) is not appealable because a trial court has no jurisdiction to entertain such a motion in the first place, and its denial of the motion accordingly could not affect a substantial right of the defendant. (People v. Turrin (2009) 176 Cal.App.4th 1200, 1208 [98 Cal.Rptr.3d 471].) Similarly, a petition for a writ of coram nobis that is facially insufficient does not vest a trial court with jurisdiction to grant relief; the denial of such a deficient petition as a result cannot affect the petitioner’s substantial rights, and the order is not appealable. (People v. Thornton (1965) 233 Cal.App.2d 1, 2 [43 Cal.Rptr. 691].)
As we have concluded above, section 1170.126 confers the right to file a recall petition only on those who are not presently serving an indeterminate *1319 term of life imprisonment for a commitment conviction during the commission of which they were armed with a gun. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).) The trial court does not have jurisdiction otherwise to entertain a petition.[2]
Whether or not we summarily dismiss an appeal at the outset without an opinion, however, has no bearing on our disposition of an appeal after taking its merits under consideration. As in the analogous circumstance of determining whether a claim of instructional error raised initially on appeal affected the substantial rights of a defendant (§ 1259; People v. Andersen (1994) 26 Cal.App.4th 1241, 1249 [32 Cal.Rptr.2d 442] [must initially determine if instructional error prejudicial, which then allows consideration of merits and reversal of conviction]), we have at least the appellate jurisdiction to ascertain whether the trial court properly denied a recall petition under section 1170.126 in order to determine whether the denial affected a defendant’s substantial rights. Another analogous circumstance arises where either a trial court has improvidently issued a certificate of probable cause for a noncognizable issue or a defendant has appealed what is in fact an issue requiring a certificate of probable cause; an appellate court addresses the merits of whether the issue requires a certificate, and then dismisses the appeal rather than affirms the judgment. (People v. Mendez (1999) 19 Cal.4th 1084, 1099-1100 [81 Cal.Rptr.2d 301, 969 P.2d 146] (Mendez); People v. Panizzon (1996) 13 Cal.4th 68, 89 [51 Cal.Rptr.2d 851, 913 P.2d 1061] [both dismissing appeal for failure to comply with § 1237.5 after determining that challenge to negotiated sentence is in fact a challenge to the plea]; People v Hernandez (1992) 6 Cal.App.4th 1355, 1361 [8 Cal.Rptr.2d 324] [dismissal of appeal after determining on merits that trial court erroneously issued certificate].)
Yet in the context of section 1170.126, the “crowdsourced” approach to this issue of substantial rights/appealability in the published, formerly published, and nonpublished cases is in accordance with that my colleagues embrace: the assumption that the denial of a petition is appealable regardless of a defendant’s eligibility, or the declaration that the appeal should be deemed a petition for a writ of habeas corpus. At the risk of taking on the *1320 role of a Victorian governess harrumphing over the enforcement of standards, I must take issue with this disregard of the fundamental principles of appellate jurisdiction.
Driving this approach seems to be a concern that defendants are entitled to an accurate determination of their eligibility. But declaring the denial of a petition after review of the merits to be a nonappealable order subject to dismissal does not preclude relief for such defendants. Under the celebrated jurisdictional truism, an appellate court always has jurisdiction to determine its appellate jurisdiction. (Rescue Army v. Municipal Court (1946) 28 Cal.2d 460, 464 [171 P.2d 8] [cited in People v. Zarazua (2009) 179 Cal.App.4th 1054, 1062 [101 Cal.Rptr.3d 902]]; Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 302 [109 P.2d 942].) As this principle is explained, “[A] tribunal has the duty, and therefore the . . . power (jurisdiction), to decide in the first instance whether it has jurisdiction of the subject matter .... This process may involve the determination of jurisdictional questions of law.” (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 339, p. 963, italics added (Witkin).) Thus, except in the presumably narrow class of cases in which a trial court accurately determines that a petition on its face rendersa defendant ineligible, we will always have jurisdiction to consider whether the law and facts properly support the denial of the petition.
Nor is it improper to issue an opinion after concluding we do not have jurisdiction over the appeal. While “the [appellate] court should always dismiss an appeal from a nonappealable order, on its own motion, without determining the merits, for lack of appellate jurisdiction ... it does not always do so. Sometimes the court first determines the merits in an advisory opinion [as] a precedent, then dismisses the appeal.” (9 Witkin, supra, Appeal, § 87, p. 147, italics added; see id., § 345, p. 396 [as matter of policy, it has become an established practice to offer advisory opinion on important matter “where the appeal itself was improperly taken and is dismissed, but the reviewing court, lacking appellate jurisdiction to decide the merits of the particular proceeding, nevertheless renders what is in effect an advisory opinion to serve as a precedent” (italics added)].)
Both of the crowdsourced solutions have been severely criticized in the past. In the context of section 1237.5, the Supreme Court has condemned as lax the practice of entertaining appeals without certificates to further “judicial economy” in order to forestall petitions for writs of habeas corpus, declaring that this does not further judicial economy of the appellate system as a whole, which as a result is asked to review nonappealable orders and judgments. (Mendez, supra, 19 Cal.4th at pp. 1097-1098.) And Witkin gives a lengthy criticism of courts that “assume” jurisdiction without resolving the issue. (9 Witkin, supra, Appeal, § 87, p. 148.) As for treating the appeal as a writ *1321 petition, this runs afoul of the risk of creating the same dysfunction in the system as a whole, because every litigant with a nonappealable order can make such a request. For this reason, a court should undertake this fiction only under a compelling showing of exceptional circumstances. (9 Witkin, supra, § 130, pp. 200-202 [to engage in the fiction “ ‘would obliterate the bright line and encourage parties to [appeal knowingly] from nonappealable orders' ” (quoting Mid-Wilshire Associates v. O’Leary (1992) 7 Cal.App.4th 1450, 1456 [9 Cal.Rptr.2d 862], italics added)]; accord, San Joaquin County Dept, of Child Support Services v. Winn (2008) 163 Cal.App.4th 296, 300-301 [77 Cal.Rptr.3d 470] [noting need for unusual circumstances, and a need to provide guidance on issue of general importance; “ ‘Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts ....’”].)
Our opinion having resolved adversely to defendant the statutory interpretation issue that possession of a gun includes being armed with a gun, and the legal issue of the proper scope of the record of conviction, defendant was ineligible for resentencing on the facts present in his record of conviction,and the denial of his petition could not as a result have affected his substantial rights. As in People v. Turrin, supra, 176 Cal.App.4th 1200, our selection of disposition here should be dismissal of the appeal.
A petition for a rehearing was denied August 13, 2014, and on July 25, 2014, the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was denied October 15, 2014, S220788. Cantil-Sakauye, C. J., did not participate therein.

 Undesignated statutory references are to the Penal Code.

 There is presently a debate whether the accurate determination that a petition is facially insufficient under section 1170.126 is appealable and therefore subject to summary dismissal without consideration of the merits of the appeal, which is pending in the California Supreme Court (People v. Wortham (2013) 220 Cal.App.4th 1018 [163 Cal.Rptr.3d 654], review granted Jan. 15, 2014, S214844; People v. Leggett (2013) 219 Cal.App.4th 846 [162 Cal.Rptr.3d 205], review granted Dec. 18, 2013, S214264; Teal v. Superior Court (2013) 217 Cal.App.4th 308 [158 Cal.Rptr.3d 446], review granted July 31, 2013, S211708; People v. Hurtado (2013) 216 Cal.App.4th 941 [157 Cal.Rptr.3d 315], review granted July 31, 2013, S212017; People v. Haynes (2014) 225 Cal.App.4th 997 [170 Cal.Rptr.3d 774], review granted July 9, 2014, S218982).