Filed 11/18/15  P. v. Brownlee CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TERRENCE BROWNLEE,<br><br>    Defendant and Appellant. | F069282<br><br>(Super. Ct. No. F80257140-4)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

On July 7, 1980, defendant Terrence Brownlee was convicted by plea of second degree murder (Pen. Code, § 187; count 1) and robbery (§ 211; count 2).[1] He also admitted a firearm use enhancement as to both counts (§ 12022.5). On appeal, he requests that we correct a clerical error in his abstract of judgment. The People concede that the record requires correction. We dismiss the appeal, but direct the trial court to correct the abstract of judgment.

**PROCEDURAL SUMMARY**

Following defendant's plea, he was sentenced On August 4, 1980. The judgment of commitment filed on August 21, 1980, states he was sentenced to prison for 15 years to life on count 1, the firearm use enhancement was to run consecutively to the sentence on count 1, and sentence on count 2 was stayed.

The report to judicial council of defendant's indeterminate sentence, also filed on August 21, 1980, states defendant was sentenced to prison for the term prescribed by law on count 1, which, according to section 190, subdivision (a), was 15 years to life.

More than 32 years later, on March 15, 2013, the minute order of the August 4, 1980, sentencing hearing was corrected. The corrected order states defendant was sentenced to 15 years to life on count 1, plus a two-year firearm use enhancement. The sentence on count 2 and its enhancement were stayed pursuant to section 654. Also on March 15, 2013, an amended abstract of judgment was filed. It reflects the plea to both counts 1 and 2, the two-year firearm use enhancement on count 1, and the stayed sentence and enhancement on count 2. As for the indeterminate sentence on count 1, *both* of the following boxes are checked: "LIFE WITHOUT THE POSSIBILITY OF PAROLE on count[] 1" *and* "15 years to Life on count[] 1."

---

[1] All statutory references are to the Penal Code unless otherwise noted.

In March of 2014, defendant filed a petition for writ of error *coram nobis* in the trial court, stating that his judgment should be reversed because he was being incarcerated without any record of his plea bargain. He also filed an ex parte application for correction of a clerical error, which referred only to his being held without any record of his plea bargain.

On April 10, 2014, the trial court denied defendant's petition for writ of error *coram nobis* on the ground that it failed to state a prima facie case for relief because defendant failed to establish how this fact was not known to him at the time judgment was pronounced. The court cited *People v. Shipman* (1965) 62 Cal.2d 226, which states:

> "The writ of *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." [Citations.] (2) Petitioner must also show that the 'newly discovered evidence … [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ….' [Citations.]" (*Id*. at p. 230.)

On the same day, the trial court denied defendant's ex parte application for correction of perceived clerical errors because defendant's motion cited Code of Civil Procedure section 473, subdivision (d), which the court stated had no application to defendant's criminal case.

On April 21, 2014, defendant filed a notice of appeal from the order denying the petition for writ of error *coram nobis* entered on April 10, 2014.

## DISCUSSION

A denial of a petition for writ of error *coram nobis* is not appealable unless the petition states a prima facie case for relief. (*People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4 ["In an appeal from a trial court's denial of an application for the writ of error *coram nobis*, a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not, the court may summarily dismiss the appeal."]; *People v. Dubon* (2001) 90 Cal.App.4th 944, 950 ["A trial court's denial of a *coram nobis* petition is an appealable order, unless the *coram nobis* petition failed to state a prima facie case for relief."]; *People v. Kraus* (1975) 47 Cal.App.3d 568, 575, fn. 4 ["If the petitioner takes an appeal in a case where the trial court properly denied the petition summarily for lack of supporting statements of fact, the appellate court may summarily dismiss the appeal."].)

We conclude defendant did not state a prima facie case for *coram nobis* relief. Accordingly, we dismiss the appeal. However, we direct the trial court to correct the clerical error in the (first amended) abstract of judgment filed on March 15, 2013, that the parties agree should be corrected.

## DISPOSITION

The appeal is dismissed. The trial court is directed to issue an amended abstract of judgment that reflects defendant's sentence on count 1 as 15 years to life (*not* life without the possibility of parole). The court is directed to forward certified copies of the corrected abstract to the appropriate entities.