Filed 11/6/23  P. v. Jones CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID LEE JONES,<br><br>    Defendant and Appellant. | B320529<br><br>(Los Angeles County<br>Super. Ct. No. LA086503) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Dismissed.

The Law Offices of Harold W. Dickens III and Harold W. Dickens III for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

## INTRODUCTION

David Lee Jones pleaded no contest to charges of elder abuse, vandalism and possession of marijuana for sale, and was sentenced to 36 months of summary probation. Two years later, he filed a petition for writ of error *coram nobis*, arguing his plea was the result of ineffective assistance by his trial counsel. The trial court dismissed, without prejudice, the petition for failure to state a prima facie claim for relief. We agree Jones's petition does not state a claim for relief and dismiss the appeal on that ground.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014 while working as a medical technician at Tarzana Medical Center, Jones met 83-year-old Loretta Powell. Some time thereafter Jones moved into a room in Powell's home. While the parties disagree regarding whether Jones paid rent, the People do not dispute that, on one occasion, Jones advanced approximately $50,000 to cover past due payments on the note secured by the home and other home expenses for Powell.

In 2016 Jones took Powell to the hospital after she fell at home and broke her hip. During her hospital stay Jones had an attorney prepare documents placing Powell's house in a trust with Jones as trustee and beneficiary, with a life estate to Powell. Powell signed the trust documents while in the hospital in the presence of a notary obtained by Jones.

Powell apparently reconsidered her arrangement with Jones, and the record reflects that by spring of 2017 she and Jones were parties to an unspecified lawsuit. In July of that year

2

Powell called the police to complain about noise caused by Jones's remodeling of the room in which he lived. Jones met the police outside the home, explained he was in a lawsuit with Powell, and suggested the police speak to his attorney. The police returned the next day to conduct a "welfare check" on Powell. This time a responding officer entered the house through Jones's open window and found marijuana, between $10,000 and $11,000 in cash, and a scale. Jones was arrested and charged with theft from an elder or dependent adult in violation of Penal Code section 368, subdivision (d); vandalism valued in excess of $400 in violation of Penal Code section 594, subdivision (a); and misdemeanor possession of marijuana for sale in violation of Health & Safety Code section 11359, subdivision (b).

A preliminary hearing was held in March 2018. Jones was represented by counsel. During the hearing, Jones's counsel did not call as a witness the attorney who prepared the trust documents. Nor did counsel move to suppress the evidence—the marijuana, cash and scale—seized during the warrantless entry. Pursuant to a plea agreement with the People, in exchange for reconveying the home to Powell and transferring to her the cash seized at the time of his arrest, the information was amended to indicate that the elder abuse and vandalism counts were misdemeanors, and Jones pleaded no contest to all three counts. In August 2019 after reconveying the house and surrendering the seized cash, Jones was sentenced to summary probation for 36 months.

In August 2021 Jones filed a petition for writ of error *coram nobis* in the trial court. The essence of his petition was his claim he received ineffective assistance of counsel at his preliminary hearing, both for failure to call as a witness the attorney who had

prepared the trust documents, and failure to move to suppress evidence seized from Jones's room without a search warrant. At a hearing on February 4, 2022 the court expressed a tentative opinion to deny Jones's petition "because it's just nowhere near enough at this time." The court continued the hearing to give Jones an opportunity to submit additional evidence. At the continued hearing on March 11, 2022 the court determined that "there is not a prima facie showing to rule on this case at this time" and dismissed the petition without prejudice.

Jones timely appealed.

## DISCUSSION

A petition for writ of error *coram nobis* is a request to vacate a judgment based on new facts, not known at the time of the judgment, that would have led to a different result. "Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court." (*People v. Adamson* (1949) 34 Cal.2d 320, 326-327; accord, *People v. Kim* (2009) 45 Cal.4th 1078, 1091 (*Kim*).) The burden is on the petitioner to "show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." (*People v. Shorts* (1948) 32 Cal.2d 502, 513; accord, *Kim*, at p. 1097.)

The Supreme Court described the limited grounds on which a litigant may obtain relief through a petition for a writ of error

*coram nobis*: "'The writ of [error] *coram nobis* is granted only when three requirements are met. (1) Petitioner must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." [Citations.] (2) Petitioner must also show that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ."'" (*Kim, supra*, 45 Cal.4th at p. 1093, quoting *People v. Shipman* (1965) 62 Cal.2d 226, 230.)

The high court confirmed well-established law that in California a claim of ineffective assistance of counsel, like any number of other constitutional challenges to a conviction, cannot be vindicated on *coram nobis*. (*Kim, supra*, 45 Cal.4th at p. 1095.) "That a claim of ineffective assistance of counsel, which relates more to a mistake of law than of fact, is an inappropriate ground for relief on *coram nobis* has long been the rule." (*Id.* at p. 1104.) And it emphasized that *coram nobis* is not available to correct errors of law. (*Ibid.*)

"A trial court's denial of a *coram nobis* petition is an appealable order, unless the *coram nobis* petition failed to state a prima facie case for relief." (*People v. Dubon* (2001)

5

90 Cal.App.4th 944, 950; see *People v. Thornton* (1965) 233 Cal.App.2d 1, 3 [trial court's order denying *coram nobis* petition that does not allege grounds for relief "did not affect the substantial rights of the petitioner and, hence, it was not appealable"].)  Thus, "[i]n an appeal from a trial court's denial of an application for the writ of error *coram nobis,* a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not, the court may summarily dismiss the appeal." (*People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4.)

"To qualify as the basis for relief on *coram nobis,* newly discovered facts must establish a basic flaw that would have prevented rendition of the judgment.  [Citations.] . . . New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*Kim, supra,* 45 Cal.4th at p. 1103.)

As a general matter, a *coram nobis* petition alleging ineffective assistance of counsel does not state a prima facie claim for relief.  (See, e.g., *People v. Howard* (1965) 62 Cal.2d 237, 238 [defendant's allegation "that the public defender inadequately represented him at trial . . . [¶] . . . even if true, would not meet the requirements for a writ of error *coram nobis*"]; *People v. Gari* (2011) 199 Cal.App.4th 510, 521 [*coram nobis* relief is "not available to [a] defendant, based . . . on his contention his counsel was ineffective by failing to investigate and to negotiate a different plea"]; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477 [defendant's claim "that he was deprived of effective assistance of counsel in making his guilty plea . . . is not an appropriate basis for relief by writ of *coram nobis*"]; *People v.*

*Buggs* (1969) 272 Cal.App.2d 285, 289 ["the inadequacy of counsel prior to judgment cannot be properly raised collaterally on a petition for a writ of error *coram nobis*"].) As the court stated in *People v. Gallardo* (2000) 77 Cal.App.4th 971, 982-983, "*Coram nobis* will not issue to vacate a plea of guilty . . . where the claim is that the defendant did not receive effective assistance from counsel [citations]. Where *coram nobis* raises only such grounds, an appeal from the superior court's ruling may be dismissed as frivolous."

The sole ground for relief Jones alleges in his petition is that his counsel performed ineffectively by failing to call a witness at the preliminary hearing and failing to move to suppress evidence allegedly obtained through an unlawful search. Jones conceded in his opening brief that his claims "regarding the illegal search and the 'advice of counsel' defense are legal issues and not factual ones."

Because Jones's petition is based on his claim of ineffective assistance of counsel, and such ground is not a cognizable basis for *coram nobis* relief, he fails to state a prima facie case. Further, Jones essentially conceded his petition is based on a mistake of law, as opposed to facts that were not presented to the trial court. As Jones's petition fails to allege a proper ground for *coram nobis* relief, his appeal must be dismissed. (*People v. Totari, supra,* 28 Cal.4th at p. 885, fn. 4*; People v. Shorts, supra,* 32 Cal.2d at pp. 506-507; *People v. Kraus* (1975) 47 Cal.App.3d 568, 575, fn. 4.) Additionally, to the extent Jones argues his petition is based directly on alleged Fourth Amendment violations, such "constitutional claims cannot be vindicated on *coram nobis*." (*Kim, supra,* 45 Cal.4th at p. 1095; see, e.g.,

*People v. Parseghian* (1957) 152 Cal.App.2d 1, 3 ["illegal search and seizure" not cognizable basis for *coram nobis* relief].)[1]

## DISPOSITION

The appeal is dismissed.

MARTINEZ, J.

We concur:

PERLUSS, P. J.          FEUER, J.

---

[1] The authorities Jones cites do not help him. *People v. Wadkins* (1965) 63 Cal.2d 110, 113 (*Wadkins*) and *People v. Chaklader* (1994) 24 Cal.App.4th 407, 409 held that *coram nobis* relief is available where a defendant "has pleaded guilty in reliance on the unkept promises of reliable public officials." (*Wadkins*, at p. 113.) But Jones does not contend he pleaded no contest based on any unkept promises, presumably from the sentencing judge or the prosecution. *Ingram v. Justice Court* (1968) 69 Cal.2d 832, 843-844 confirmed a hearing must be held where a *coram nobis* petition raises "substantial legal or factual issues," but it further acknowledged that "the petition may be summarily denied if its lack of merit appears from the face of the document or the court's own records." Additionally, this case is unlike *People v. Welch* (1964) 61 Cal.2d 786, 790 where "the public defender who represented defendant at the trial, state[d] that he was unaware of defendant's medical history" and undiagnosed mental health conditions. By contrast, here Jones does not contend his defense counsel was unaware of the existence of the attorney who drafted the trust documents or the warrantless search.