Filed 2/4/26  P. v. Miramontez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, | 2d Crim. No. B339100 |
| Plaintiff and Respondent, | (Super. Ct. No. 2020006844) (Ventura County) |
| v. |  |
| JAVIER MIRAMONTEZ, JR., |  |
| Defendant and Appellant. |  |

Javier Miramontez, Jr., appeals from the judgment following his guilty plea to three counts of forcible lewd act on a child (Pen. Code,[1] § 288, subd. (b)(1)), and his admissions of special allegations for each count of substantial sexual contact with a victim under the age of 14 (§ 1203.066, subd. (a)(8)), that the crimes involved the same victim on separate occasions (§ 667.6, subd. (d)(1)), the victim was particularly vulnerable

---

[1] All statutory references are to the Penal Code.

(Cal. Rules of Court,[2] rule 4.421(a)(3)), Miramontez took advantage of a position of trust or confidence to commit the crimes (rule 4.421(a)(11)), and he engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)). The trial court sentenced Miramontez to 24 years in state prison.

Miramontez contends the trial court erred by failing to find a factual basis for his guilty plea (§ 1192.5, subd. (c)) and by failing to hold a second competency hearing (§§ 1368, 1369). He also requests this court issue a certificate of probable cause (§ 1237.5). The Attorney General moves to dismiss the appeal. We deny the motion to dismiss and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

An amended information charged Miramontez with four counts of forcible lewd act on a child (§ 288, subd. (b)(1); counts 1, 3, 4, 5), with the special allegations noted above, and one count of sexual penetration of a child age 10 or younger (§ 288.7, subd. (b); count 2).

In March 2023, defense counsel declared a doubt regarding Miramontez's competence to stand trial. (§ 1368, subd. (b).) The court suspended criminal proceedings and appointed Katherine Emerick, Ph.D., to examine Miramontez. (§ 1369, subd. (a)(1).) Dr. Emerick submitted a report that concluded Miramontez was competent.

At the prosecutor's request, the court also appointed John Lewis, Ph.D., who submitted a report of his competency evaluation. Dr. Lewis's report discussed a report by Kimberly Smith, Psy.D., completed on April 26, 2023, including her diagnosis that Miramontez had Asperger's disorder/autism spectrum disorder and posttraumatic stress disorder, and her

_____

[2] All rule references are to the California Rules of Court.

conclusion that he was not competent to stand trial. Dr. Lewis disagreed and concluded Miramontez was competent.

At a hearing in July 2023, Miramontez's counsel stated, "[T]he defense has retained a neuropsychologist, Dr. Smith, who has opined that he's not competent."

The competency hearing was held in January 2024. The court stated it had two reports—those of Dr. Emerick and Dr. Lewis. The parties submitted the issue of competency on those two reports. Defense counsel did not offer or refer to the report by Dr. Smith. The court found Miramontez competent to stand trial and reinstated criminal proceedings.

The record does not show that Dr. Smith was appointed by the court or that her report was ever filed or was ever before the trial court. Nor is it part of the record on appeal.[3] Nor did the defense request a second competency hearing or renew its suggestion that Miramontez was incompetent.

In May 2024, Miramontez pleaded guilty to counts 1, 4, and 5, and admitted the special allegations. Miramontez signed a felony disposition statement acknowledging the maximum prison term of 30 years and the agreed-upon disposition of 24 years. He initialed the following statement: "I agree that the court may consider the following as proof of the factual basis for my plea," followed by check-marked boxes for the preliminary hearing transcript, police reports, and probation report. Miramontez also initialed this statement: "I admit that I did what is alleged in the counts of the (complaint) (information) to which I am pleading guilty or no contest." The disposition statement included factual descriptions of counts 1, 4, and 5 in the amended information.

---

[3] We denied a motion to augment the record on appeal with Dr. Smith's report because it was not before the trial court.

Miramontez also acknowledged that he discussed the facts and elements of the charged offenses and allegations with his attorney, he read and understood the felony disposition statement, and he understood his constitutional rights and the consequences of his plea.

Before accepting the guilty plea, the court noted the previous finding that Miramontez was competent and asked defense counsel if there were "any 1368 issues." She responded, "No, not at this time." The prosecutor stated he was ready to take the plea "[u]nless defense has anything else to add to the record." Defense counsel responded, "No. That's fine, your Honor." The court found Miramontez understood the nature of the charges and the consequences of his pleas and admissions; he "knowingly, intelligently, and understandingly waived his rights"; and his waiver of rights and pleas and admissions were "free and voluntary."

The next court appearance after the guilty plea was the sentencing in June 2024. Defense counsel agreed there was no legal reason to not proceed to sentencing. The court imposed the agreed-upon sentence of 24 years in prison. On the prosecution's motion, counts 2 and 3 were dismissed. The court did not make a finding regarding a factual basis for the guilty pleas.

Miramontez filed a notice of appeal. The trial court denied Miramontez's request for a certificate of probable cause.

DISCUSSION

*Factual basis for plea*

Miramontez contends the judgment is invalid because the trial court did not make a finding of a factual basis for the guilty plea. (§ 1192.5, subd. (c).) We conclude Miramontez may not appeal this issue because it affects the validity of the plea and the trial court did not issue a certificate of probable cause to

4

authorize the appeal.  (§ 1237.5; rule 8.304(b)(1); *People v. Zamora* (1991) 230 Cal.App.3d 1627, 1632–1633 [no challenge to factual basis without certificate].)

*Additional competency hearing*

Miramontez also contends the trial court should have conducted a second competency hearing sua sponte after the guilty plea but before sentencing.  A certificate of probable cause is not required to appeal "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission."  (Rule 8.304(b)(2)(B).)  Accordingly, a certificate of probable cause is not required to challenge the trial court's failure to hold a competency hearing after a guilty plea but before sentencing.  (*People v. Oglesby* (2008) 158 Cal.App.4th 818, 824–828.)

Here, Miramontez's notice of appeal did not check the box to appeal from postplea issues that did not affect the validity of the plea.  Instead, the notice references an "[o]ther basis for this appeal" and requests a certificate of probable cause because "defendant's attorney . . . performed deficiently prior to, during, and *after the guilty plea*" by, among other things, "not adequately pursuing a competency hearing."  (Italics added.)  "We liberally construe a party's notice of appeal."  (*People v. Gray* (2024) 101 Cal.App.5th 148, 159; rule 8.304(a)(4).)  And here, the notice could be read broadly to include the purported failure to conduct a competency hearing after the guilty plea.  Accordingly, we deny the Attorney General's request to dismiss the appeal.  But we conclude there was no error because the trial court was under no obligation to hold a second competency hearing sua sponte before sentencing.

"When a competency hearing has already been held and the defendant has been found competent to stand trial, . . . a trial

5

court need not suspend proceedings to conduct a second competency hearing unless it 'is presented with a substantial change of circumstances or with new evidence' casting a serious doubt on the validity of that finding." (*People v. Jones* (1991) 53 Cal.3d 1115, 1153.)

Here, no change of circumstance or new evidence was presented suggesting that Miramontez was not competent after his plea. When Miramontez pleaded guilty, his attorney told the trial court there were no competency issues at that time. The next time the case was on calendar was for sentencing, and defense counsel indicated there was no legal cause why judgment should not be pronounced. At no point after the competency hearing was Dr. Smith's report mentioned or any suggestion made that Miramontez was incompetent. In short, there was no new evidence regarding competency and no change in circumstance after the guilty plea.

Because "no issues regarding [Miramontez's] mental competency were raised" after the finding of competence, "[t]here was no reason for the court to suspect his competency status had changed." (*People v. Oglesby*, *supra*, 158 Cal.App.4th at p. 828.) Accordingly, Miramontez has not shown that the court was required to conduct a second competency hearing before sentencing.[4]

*Certificate of probable cause*

Miramontez asks this court to issue a certificate of probable

---

[4] Miramontez contends in the alternative that the trial court should have held a second competency hearing before the guilty plea was entered. We conclude Miramontez may not appeal the validity of the guilty plea based on a claim of mental incompetence because no certificate of probable cause was issued. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1100.)

6

cause.  We have no authority to do so.  The plain language of section 1237.5 allows an appeal following a guilty plea if "[t]he *trial court* has executed and filed a certificate of probable cause for such appeal."  (§ 1237.5, subd. (b), italics added.)  Denial of a certificate of probable cause is not an appealable order.  (*People v. Nigro* (1974) 39 Cal.App.3d 506, 510–511.)  On appeal, we may not circumvent the certificate requirement by considering whether the trial court properly exercised its discretion in denying a certificate.  (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188 [rejecting contrary authority]; see *People v. Mendez*, *supra*, 19 Cal.4th at pp. 1097–1098 [strict compliance with § 1237.5 required].)  Instead, a defendant may challenge the denial of a certificate of probable cause by filing a petition for writ of mandate.  (*Castelan*, at p. 1188.)  Miramontez did so here, and we denied the petition.  (*Miramontez v. Superior Court* (May 9, 2025, B344156) [nonpub. order].)  The request that we issue a certificate of probable cause is denied.

DISPOSITION

The motion to dismiss the appeal is denied.  The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.                    CODY, J.


7

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Marks & Brooklier and Donald D. Marks for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.